**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK WEISSER,** **Plaintiff** | : | **No. 3:26-CV-0118** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **WELLPATH MEDICAL SERVICES,** ***et al.*,** **Defendants** | : | |

# MEMORANDUM

Frederick Weisser initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging deliberate indifference to serious medical needs. Weisser, however, has failed to state a claim upon which relief may be granted, so the court will dismiss his lawsuit pursuant to 28 U.S.C. § 1915A(b)(1) and grant him leave to amend.

## I. BACKGROUND

Weisser's complaint is brief and undeveloped. He alleges that in February 2024, while incarcerated at SCI Coal Township, he was bitten by a wolf spider (or spiders) while asleep in his cell. (Doc. 1 at 4). He avers that he immediately sought medical care from "the prison's care provider," but that "[n]o care or

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

medication was provided." (Id.) By November 5, 2024, Weisser claims that he could no longer walk and had to be transported to Geisinger Medical Center, an outside hospital, where he was treated with antibiotics. (Id.) In January 2025, he was again taken to Geisinger for additional treatment. (Id.) He avers that he continues to suffer from leg swelling, headaches, joint pain, and arthritis. (Id.)

Weisser alleges that the delay in treatment constitutes deliberate indifference to serious medical needs, in violation of the Eighth Amendment. (Id. at 4, 5). It is possible that he is also asserting a state-law claim of professional negligence (*i.e.*, medical malpractice). (See id. at 5). He sues Wellpath Medical Services (Wellpath), SCI Coal Township Medical Department, Dr. John Hochberg, P.A. Davis, and P.A. Knight. (Id. at 1, 2-3). He seeks "monetary relief." (Id. at 5).

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they

utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At

step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Weisser proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Weisser, is incarcerated. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III. DISCUSSION

Weisser alleges that his Eighth Amendment right to constitutionally adequate medical care was violated when he sought treatment for a spider bite but that treatment was improperly delayed or denied. Weisser, however, fails to

state a Section 1983 claim upon which relief may be granted. The court will discuss his pleading deficiencies in turn.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. Id. (quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x

924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Weisser's first and predominant pleading deficiency is his failure to plausibly allege any named Defendant's personal involvement in the purported constitutional violation. Although he sues three individual medical providers (Dr. Hochberg, P.A. Davis, and P.A. Knight), he does not allege any involvement by these actors in the purportedly deficient medical care. Their names, in fact, appear only in the caption and defendant-identification section of the form complaint. In one section of his complaint, he broadly states that he sought medical care from "the prison's care provider," (Doc. 1 at 4), but he does not provide any details regarding who denied care or provided inadequate care. Dismissal of the Section 1983 claims against these three Defendants for failure to state a claim is therefore required.

**B. "Person" for Section 1983**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (citing Imbler v.

Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)). Only "persons" are subject to suit under Section 1983, and entities such as prisons, agencies, and private businesses do not qualify as "persons." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-65, 71 (1989); Slagle v. County of Clarion, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); Stankowski v. Farley, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); see also Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983); Ali v. Ann Klein Forensic Center, No. 21-CV-316, 2022 WL 138084, at *3 (D.N.J. Jan. 14, 2022) (finding that state hospital "is not a 'person' within the meaning of § 1983").

Weisser attempts to sue Wellpath Medical Services and the SCI Coal Township Medical Department. Yet these entities are plainly not "persons" for Section 1983 purposes, so Weisser has failed to assert a viable Section 1983 claim against them. Weisser, moreover, does not allege an unconstitutional policy or custom by Wellpath such that a Section 1983 action could be

maintained against it. See, e.g., Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Accordingly, dismissal of the Section 1983 claims against these non-individual Defendants is required.

### C. Deliberate Indifference to Serious Medical Needs

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment" to incarcerated individuals. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff." Durham v. Kelley, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); see also Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, and denial of reasonable requests for treatment resulting in

unnecessary suffering or risk of injury. See Durmer v. O'Carroll, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting Lanzaro, 834 F.2d at 346). Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). Claims sounding in mere medical negligence will not suffice. Rouse, 182 F.3d at 197.

Weisser's Eighth Amendment claims against the medical providers are deficient for the simple reason that, because he has failed to allege personal involvement by any Defendant, he likewise has failed to allege that any Defendant acted with deliberate indifference to his serious medical needs. Weisser's barebones complaint does not allege that any Defendant had knowledge of his medical condition or recklessly disregarded it. Nor has he plausibly alleged that any Defendant's deliberate indifference caused his injuries. Without allegations of deliberate indifference or causation, the medical indifference claims must be dismissed pursuant to Section 1915A(b)(1).

**D. State-Law Medical Malpractice Claim**

It is possible that Weisser is attempting to assert a claim of professional negligence (or medical malpractice) under Pennsylvania law. However, because the federal Section 1983 claims must be dismissed, the court declines to exercise supplemental jurisdiction over Weisser's related state-law claim. See

28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (explaining general rule that if all federal claims are dismissed before trial, courts should likewise dismiss pendent state-law claims); Shaffer v. Bd. of Sch. Dirs. Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984) (explaining that, absent "extraordinary circumstances," supplemental jurisdiction over state-law claims should be declined "where the federal claims are no longer viable" (citation omitted)).

### E. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. The court will grant Weisser leave to amend.

If Weisser chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth his claim(s) in short, concise, and plain statements, and in sequentially numbered paragraphs. Weisser must address the pleading deficiencies identified in this Memorandum. Most notably, he must clearly set forth the personal involvement of any defendant in the alleged constitutional violation.

That is, he must plausibly plead the unconstitutional action (or inaction) of each defendant he is attempting to sue.

Weisser must also sign the amended complaint and indicate the nature of the relief sought. He may not include unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2).

If Weisser files an amended complaint that disregards the foregoing guidance, that filing will be stricken from the record. If he does not timely file an appropriate amended pleading, dismissal of his Section 1983 claims will automatically convert to dismissal with prejudice and the court will close this case.

## IV. CONCLUSION

Based on the foregoing, the court will dismiss without prejudice Weisser's Section 1983 claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The court declines to exercise supplemental jurisdiction over any related state-law claim. Leave to amend will be granted. An appropriate Order follows.

**Date:** 8/21/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**