**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK WEISSER,** <br> **Plaintiff** | : | **No. 3:26-CV-0118** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **WELLPATH MEDICAL SERVICES,** <br> ***et al.*****,** <br> **Defendants** | : | |

## MEMORANDUM

Frederick Weisser initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging deliberate indifference to serious medical needs. The court dismissed Weisser's initial complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim but granted him leave to amend. Weisser filed an amended complaint, but that pleading does not cure the material deficiencies in his claims. The court will therefore dismiss this case with prejudice.

## I. BACKGROUND

Weisser's initial complaint was brief and undeveloped. He alleged that in February 2024, while incarcerated at SCI Coal Township, he was bitten by a wolf spider (or spiders) while asleep in his cell. (Doc. 1 at 4). He claimed that he

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

immediately sought medical care from "the prison's care provider," but that "[n]o care or medication was provided." (Id.) By November 5, 2024, Weisser claims that he could no longer walk and had to be transported to Geisinger Medical Center, where he was treated with antibiotics. (Id.) In January 2025, he was again taken to Geisinger for additional treatment. (Id.) He alleged that he continues to suffer from leg swelling, headaches, joint pain, and arthritis. (Id.)

The court screened that initial complaint and dismissed it for failure to state a claim upon which relief may be granted. (See generally Docs. 15, 16). The court first explained that Weisser had failed to allege personal involvement by any of the individual Defendants. (See Doc. 15 at 5-6). Next, the court dismissed the claims against Wellpath Medical Services and SCI Coal Township Medical Department, finding that these entities were not "persons" for Section 1983 liability and that Weisser had not alleged an unconstitutional policy or custom by Wellpath such that a Section 1983 claim could be maintained against it. (Id. at 6-8). The court then dismissed the Eighth Amendment medical indifference claims, explaining that Weisser had not plausibly alleged that any Defendant acted with deliberate indifference to a serious medical need. (Id. at 8-9). Finally, the court declined to exercise supplemental jurisdiction over any state-law medical malpractice claim Weisser may have been attempting to assert. (Id. at 9-10).

The court granted Weisser leave to amend and gave him explicit pleading instructions. (Id. at 10-11). Weisser filed an amended complaint (Doc. 19) after being granted an extension of time to do so. (See Docs. 17, 18). He once again asserts an Eighth Amendment claim of deliberate indifference to serious medical needs. (See Doc. 19 ¶¶ 11-12). He additionally purports to assert an Eighth Amendment "failure to intervene" claim, as well as a claim of supervisory liability. (See id. ¶¶ 13-22). He sues the same Defendants: Wellpath Medical Services (Wellpath), SCI Coal Township Medical Department, Dr. John Hochberg, P.A. Davis, and P.A. Knight. (Id. ¶¶ 4-6). He seeks compensatory and punitive damages, as well as costs and attorney fees. (Id. ¶¶ 23-26 & p. 7). Weisser, however, once more fails to plausibly allege a constitutional violation.

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v.

Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to

state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. Id. (quoting Iqbal, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Weisser proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Weisser, is incarcerated. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III. DISCUSSION

Weisser alleges that his Eighth Amendment rights were violated when he sought treatment for a spider bite but treatment was improperly delayed or denied. His amended pleading, however, fails to plausibly allege a Section 1983

claim for many of the same reasons that his original complaint was dismissed. The court will discuss his pleading deficiencies in turn.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. Id. (quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x

924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

In his initial complaint, Weisser failed to plausibly allege personal involvement by Dr. Hochberg, P.A. Davis, and P.A. Knight. His amended complaint does not cure this deficiency.

Weisser's amended complaint attempts to assert that Dr. Hochberg, P.A. Davis, and P.A. Knight took identical, collective wrongful action. He repeatedly and broadly claims that "Defendants" denied treatment or delayed treatment. (See Doc. 19 at p. 1 (Preliminary Statement); id. ¶¶ 7, 10, 12, 14, 15). These allegations of unspecified, collective action, however, do not show *personal* involvement in a constitutional violation. They do not assert any specific action or omission taken by Dr. Hochberg, P.A. Davis, or P.A. Knight that would implicate constitutional misconduct. Rather, Weisser broadly and implausibly contends that all three medical providers acted in exactly the same manner over the course of nine months, thereby violating the Eighth Amendment.

Weisser, however, must specify *each* Defendant's personal involvement in the alleged constitutional misconduct in order to state a Section 1983 claim against them. In other words, Weisser is required to allege how each individual

medical provider violated the constitution. Weisser was explicitly advised about this pleading requirement in the court's prior opinion, (see Doc. 15 at 5-6, 9, 10-11), but has not followed the court's instructions. Accordingly, the court must dismiss the amended complaint against all three individual Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B. "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (citing Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)). Only "persons" are subject to suit under Section 1983, and entities such as prisons, agencies, and private businesses do not qualify as "persons." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-65, 71 (1989); Slagle v. County of Clarion, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); Stankowski v. Farley, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not

subject to liability under that statute); see also Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983); Ali v. Ann Klein Forensic Center, No. 21-CV-316, 2022 WL 138084, at *3 (D.N.J. Jan. 14, 2022) (finding that state hospital "is not a 'person' within the meaning of § 1983").

Weisser again attempts to sue Wellpath and the SCI Coal Township Medical Department. Yet these entities are plainly not "persons" for Section 1983 purposes, so Weisser has failed to assert a viable Section 1983 claim against them. Furthermore, Weisser's amended complaint once again fails to allege an unconstitutional policy or custom by Wellpath such that a Section 1983 action could be maintained against it. See, e.g., Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Accordingly, dismissal of the Section 1983 claims against these non-"person" Defendants is required.

### C. Deliberate Indifference to Serious Medical Needs

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment" to incarcerated individuals. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate

indifference caused harm to the plaintiff." Durham v. Kelley, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); see also Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, and denial of reasonable requests for treatment resulting in unnecessary suffering or risk of injury. See Durmer v. O'Carroll, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting Lanzaro, 834 F.2d at 346). Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). Claims sounding in mere medical negligence will not suffice. Rouse, 182 F.3d at 197.

The court assumes that Weisser has stated a serious medical need with respect to his hospitalizations in November 2024 and January 2025. Prior to those dates, however, Weisser has not plausibly alleged a serious medical need, as it is not clear that a spider bite, in itself, rises to the level of a medical need

"that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Lanzaro, 834 F.2d at 347. With respect to the serious medical needs Weisser has alleged, his amended complaint fails to plausibly plead the high bar of deliberate indifference.

Rather than providing well-pleaded facts, Weisser's amended complaint contains primarily legal conclusions and general accusations. He avers that he was bitten by a wolf spider (or spiders) in February 2024. (Doc. 19 ¶ 7). He then asserts, in conclusory fashion, that he "sought medical treatment from the Defendants" but that "treatment was denied on multiple occasions." (Id.) Weisser does not provide any facts as to what his symptoms were, when he sought treatment, in what manner he did so, how often he requested medical care, or who specifically "denied" treatment. In another section of his amended complaint, he claims that doctors at the outside hospital "prescribed a treatment plan," which Defendants allegedly "refused to comply with." (Id. ¶ 9). Yet Weisser does not plead who failed to comply with the treatment plan or how any medical Defendant was in noncompliance with that plan. Later, Weisser cursorily alleges that Defendants "refus[ed] to treat" him and "delay[ed] medical treatment" for nine months. (Id. ¶ 12). He likewise vaguely asserts that Defendants "had

opportunities to intervene on" his behalf but "with deliberate indifference failed to do so." (Id. ¶ 14).

None of these allegations contains well-pleaded facts that, if taken as true, could implicate "unnecessary and wanton infliction of pain" by a specific medical provider. Estelle, 429 U.S. at 104. Rather, they are conclusory statements that fail to show that any individual Defendant had knowledge of a *serious medical need* and acted with deliberate indifference toward that need.

Weisser does not, for example, allege that he presented to the medical department with symptoms of a serious injury or medical problem, was examined by a specific Defendant, and that Defendant refused to provide care known to be medically necessary, delayed treatment for non-medical reasons, denied a reasonable request for treatment, or took any other action that would exhibit deliberate indifference. Instead, Weisser provides only conclusory and overly broad allegations that "Defendants" collectively undertook wrongful conduct (*i.e.*, they delayed or denied treatment) at unspecified times over a nine-month period. That is simply not enough to *plausibly* allege that a medical provider violated the constitution.

In the only part of his amended complaint that provides specific factual allegations, Weisser avers that on November 4, 2025, when he presented with symptoms of being unable to walk "due to severe leg swelling," Dr. Hochberg

"directed prison officials to immediately transport him to Geisinger Medical Center." (See Doc. 19 at p. 1). This averment is a well-pleaded factual allegation that reflects a serious medical need. Nevertheless, rather than showing deliberate indifference, Weisser's recitation of facts demonstrates that Dr. Hochberg took immediate action and transferred him to an outside hospital. Such conduct is not deliberate indifference to a serious medical need; in fact, it is the opposite.

Without plausible allegations of deliberate indifference to a serious medical need or causation of harm by a specific Defendant, the Eighth Amendment claims of medical indifference must again be dismissed pursuant to Section 1915A(b)(1). The same is true for any Eighth Amendment claim of "failure to intervene," which requires the same showing of deliberate indifference to a substantial risk of serious harm. See Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012), abrogated on other grounds by Mack v. Yost, 968 F.3d 311 (3d Cir. 2020).

**D. Supervisory Liability**

Weisser attempts to assert supervisory liability claims against Wellpath, SCI Coal Township Medical Department, and Dr. Hochberg. As noted above, Weisser has failed to state a Section 1983 claim against Wellpath or the Medical Department, which entities are not "persons" for Section 1983 liability. His

supervisory liability claim against Dr. Hochberg fails because it consists of only legal conclusions.

Weisser asserts that the three foregoing Defendants "acted recklessly and/or with deliberate indifference to [his] constitutional rights by failing to adequately train, supervise, and or [sic] discipline" P.A. Davis and P.A. Knight. (Doc. 19 ¶ 19). He also states, in similar conclusory fashion, that these Defendants "violated the clearly established duty . . . to supervise" the physicians' assistants. (Id. ¶ 21). These allegations are nothing more than legal conclusions, which may be disregarded. See Connelly, 809 F.3d at 787; Jankowski v. Lellock, 649 F. App'x 184, 188 (3d Cir. 2016) (affirming dismissal of failure-to-train supervisory liability claim "relegated to a single sentence in the complaint" as "merely a rote recitation of a cause of action coupled with a legal conclusion" that was insufficient to satisfy the relevant pleading standards (citing James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012))). Thus, Weisser's supervisory liability claims must be dismissed under Section 1915A(b)(1) as well.

### E. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114. Further

leave to amend will be denied, as Weisser has failed to plausibly plead a claim for relief even after "amendments previously allowed." See Foman v. Davis, 371 U.S. 178, 182 (1962); Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

## IV. CONCLUSION

Based on the foregoing, the court will dismiss with prejudice Weisser's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order follows.

**Date:** 10/29/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**